**Evelyn June NABB, Claimant-Plaintiff Below, Appellant,**

v.

**HAVEG INDUSTRIES, INC., Employer-Defendant Below, Appellee.**

**HAVEG INDUSTRIES, INC., Employer Below, Appellant,**

v.

**Evelyn June NABB, Employee Below, Appellee.**

Supreme Court of Delaware.

June 8, 1970.

Petition for Reargument Denied July 1, 1970.

Gerald Z. Berkowitz of Knecht, Greenstein & Berkowitz, Wilmington, for claimant.

B. Wilson Redfearn, Wilmington, for employer.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, C. J.:

These are cross-appeals from an order of the Superior Court affirming an award of compensation by the Industrial Accident Board.

Claimant was employed as the operator of an extruding machine. In the course of operating the machine, she suffered severe third-degree burns of the right fingers and hand, as well as the fracture of two fingers of the right hand. She also suffered a back injury. The medical testimony was to the effect that claimant had a 100% disability of the right hand and a 50% loss of use of her right arm. It appears that the disability of the hand has no connection with the disability of the right arm, which is caused by vasomotor sympathetic dystrophy involving disability from the spinal cord.

The Industrial Accident Board awarded claimant the statutory compensation for 100% loss of the use of the right hand (220 weekly payments) and 15 additional weekly payments for partial loss of the use of her right arm.

19 Del.C. § 2326(a) provides as compensation for the loss of an arm 66⅔% of wages during 250 weeks and for the loss of a hand 66⅔% of wages during 220 weeks. It is obvious that the award for the partial loss of the use of the claimant's right arm was arrived at by taking the maximum scheduled allowance for a 100% loss of the hand (220 weeks) and awarding an additional 50% of the difference between 250 weeks for the loss of an arm and 220 weeks for loss of a hand.

■ This appeal raises the question of whether separate awards may be accumulated for the loss of a hand plus the loss of the arm, of which it is a part, to exceed the scheduled permissible award for the loss of the arm. The answer to the question raised requires a construction of 19 Del.C. § 2326(a). In other words, does a proper construction of the statute justify two separate awards, one separately for the hand and one separately for the arm?

The trial judge in a well-considered opinion answered these questions by a construction of the statute denying the right to cumulative awards. We agree. We accordingly affirm on the opinion below, Nabb v. Haveg Industries, Inc., 265 A.2d 320 (Super.Ct.1969).

■ Claimant also makes the point that the Board erred in determining that temporary total disability of the claimant ended on April 15, 1969. The point is that counsel had stipulated that the time of temporary total disability ending was to be June 11, 1969. This point, however, was not passed upon by the trial judge and apparently was not raised before him. Accordingly, it may not be raised for the first time before this court.

Claimant also finds fault with the commutation, under 19 Del.C. § 2358(b), of the balance of compensation due her. This point also was not passed upon by the trial judge and apparently was not raised before him. Accordingly, it may not be raised for the first time before this court.

The judgment below is affirmed.