**ASPLUNDH TREE EXPERT CO.,**
**Employer-Appellant,**

**v.**

**Billy B. CLARK, Claimant-Appellee.**

Superior Court of Delaware,
New Castle.

Sept. 30, 1975.

Max S. Bell, Jr. of Richards, Layton & Finger, Wilmington, for employer-appellant.

Oliver V. Suddard, Wilmington, for claimant-appellee.

STIFTEL, President Judge.

This is an appeal from an award of compensation by the Industrial Accident Board [hereinafter "Board"].

Claimant, Billy B. Clark, suffered a compensable back injury in 1966. He received total disability compensation from 1966 to 1971. In 1973, claimant suffered a recurrence of total disability and compensation was reinstituted. In March, 1973, claimant underwent a cordotomy, a partial cutting of the spinal cord, in order to relieve the extreme pain he was experiencing. As a result of the cordotomy, the second one performed on him since his accident, Clark was paralyzed from the midspine down. Loss of bladder and bowel control and loss of the sex function likewise resulted.

Claimant petitioned the Board for permanent disability benefits. On July 2, 1974, the Board awarded the following benefits:

(a) 250 weeks for a 100% loss of the right leg

(b) 250 weeks for a 100% loss of the left leg

(c) 300 weeks for a 100% loss of the back

(d) 150 weeks for a 50% loss of the sex function

(e) 150 weeks for a 50% loss of the bladder function

(f) 150 weeks for a 50% loss of the bowel function

(g) 25 weeks for facial disfigurement.

Said benefits were to be paid simultaneously with each other and with total disability benefits.

The employer, seeking reversal of several portions of the Board's decision, proffers a number of arguments to this Court. These contentions are as follows:

(1) Pursuant to 19 Del.C. § 2326(e),[1] the only proper award for an injury to the spine resulting in paralysis of both legs is an award of total disability, and the Board erred, as a matter of law, in finding said section inapplicable to this case.

(2) The applicability of 19 Del.C. § 2326(e) precludes awards for loss of use of legs, under 19 Del.C. § 2326(a)[2] and for injury to the spine, pursuant to 19 Del.C. § 2326(g).[3]

(3) The Board erred in failing to relate the loss of sex function, bladder control, and bowel control to specific awards provided in other portions of 19 Del.C. § 2326.

(4) Simultaneous awards for multi-permanent injuries, pursuant to 19 Del.C. § 2326 are improper and unwarranted.

(5) Substantial evidence in support of the Board's determination that claimant's back disability was only 30% on September 1, 1970, is not present on the record.

The Court shall discuss employer's assertions seriatim.

I.

The employer vigorously argues that, pursuant to 19 Del.C. § 2326(e), the only compensation available for spinal injury resulting in paralysis of both legs is an award of total compensation under 19 Del. C. § 2324. A separate award for permanency, under § 2326, is, in employer's estimation, improper. It contends that 19 Del.C. § 2326(i),[4] the statutory authority

1. 19 Del.C. § 2326(e) provides, in pertinent part:

"Unless the Board otherwise determines from the facts, the loss of both hands, or both arms, or both feet, or both legs, or both eyes, or an injury to the spine resulting in permanent and complete paralysis of both legs, or both arms, or 1 leg and 1 arm, or an injury to the skull resulting in incurable imbecility or insanity, shall constitute total disability for work, to be compensated according to [the provisions of] § 2324 of this title."

2. Section 2326(a) provides, in pertinent part:

"For all permanent injuries of the following classes, the compensation to be paid regardless of the earning power of the injured employee after the injury shall be as follows:

"For the loss of a leg, 66⅔ percent of wages during 250 weeks;

* * * "

3. 19 Del.C. § 2326(g) provides:

"The Board shall award proper and equitable compensation for the loss of any member or part of the body or loss of use of any member or part of the body up to 300 weeks which shall be paid at the rate of 66⅔ percent of his weekly wages, but no compensation shall be awarded when such loss was caused by the loss of or the loss of use of a member of the body for which compensation payments are already provided by the terms of this section."

4. 19 Del.C. § 2326(i) states:

"Subject to subsection (e) of this section, the compensation provided for in subsections (a)–(h) of this section shall be paid in addition to the compensation provided for in §§ 2324 and 2325 of this title."

for awarding simultaneous benefits under 19 Del.C. § 2324 and 19 Del.C. § 2326, excludes from multiple benefits persons who have suffered injuries described in § 2326(e). This exclusion, employer asserts, occurs because of the clause, "subject to subsection (e) of this section", contained in subsection (i). Employer has fully traced the historical development of 19 Del.C. §§ 2326(e) and 2326(i) in an attempt to demonstrate the virtue of its position.

Notwithstanding the historical development presented, which was not totally convincing,[5] the Court has concluded that the employer's contention that, pursuant to §§ 2326(e) and (i), the only benefit available to one who has incurred injury to the spine with attendant paralysis of both legs is total disability, under § 2324, is untenable.

■ Primarily, the employer's interpretation of § 2326(e) could lead to bizarre and absurd results. For instance, an individual who has lost the partial use of his legs, yet is considered totally disabled for work thereby, could receive benefits under both sections 2324 and 2326, while the claimant who has lost the total use of both legs, would, according to the employer, only be entitled to total disability benefits under § 2324. As stated by Judge Christie in *Nabb v. Haveg Industries, Inc.,* Del. Super., 265 A.2d 320, 323 (1969), aff'd Del.Supr., 266 A.2d 879:

"I cannot construe the statute to mean that the less drastic injury entitles the injured party to more compensation than would be available in the event of total loss."

It is fundamental that a statute should be construed to render a practical meaning, not an absurd or unreasonable result. See, *Opinion of the Justices,* Del.Supr., 295 A. 2d 718 (1972); *Nationwide Mutual Insurance Co. v. Krongold,* Del.Supr., 318 A.2d 606 (1974).

■ Secondly, the Court agrees with the Board's conclusion that Section 2326(e) merely creates a statutory presumption that the injuries delineated therein shall constitute total disability for work. Indeed, the Supreme Court, without specifically ruling thereon, has suggested that this conclusion is justified. See, *Magness Construction Co. v. Waller,* Del.Supr., 269 A.2d 554, 556 (1970). A presumption of this type is not uncommon. The scheduled injuries themselves, delineated in section 2326, actually constitute presumptions that certain types of injuries affect adversely a man's earning capacity. See *Burton Transportation Center, Inc. v. Willoughby,* Del.Supr., 265 A.2d 22 (1970).

Contrary to assertions of the employer, the Court does not believe that by concluding that section 2326(e) is merely a statutory presumption, not a grant or limitation of benefits, it is engaging in judicial legislation. The Workmen's Compensation Statute has been referred to as a "poorly worded and difficult to interpret statute". See *Nabb v. Haveg Industries, Inc., supra;*

5. The propriety of the employer's historical analysis is heavily dependent upon construction of the predecessor of § 2326(i). That section provided:
    "Compensation for the foregoing permanent-partial injuries shall be paid in addition to the compensation provided for in subsection (a) and subsection (b) of this section." 43 Del.Laws, Ch. 269, p. 1117. Employer contends that the aforementioned statute, the meaning of which has not been changed by the current version, § 2326(i), clearly demonstrates that only partial injuries, not those described as total under the forerunner of subsection (e) [1935 Code §

6080 Sec. 10(c)], which was virtually identical to subsection (e), were compensable under both the total disability and the permanency provisions of the Act.
    Legislative history is itself often ambiguous and inconclusive. 2A Sutherland, *Statutory Construction,* § 48.02, p. 186. It is equally probable that the reference to "permanent-partial injuries" was inserted to prevent a claimant from contending that he would be entitled to double benefits for total disability —once pursuant to the predecessor of § 2324 and once pursuant to the predecessor of subsection (e).

cf., *Magness Construction Co. v. Waller, supra*. As stated by the Supreme Court of Michigan, interpreting a complex Workmen's Compensation Statute,

"The plain fact is that courts . . . everywhere constantly engage in a form of 'judicial legislating' when they are confronted—as they so often are—by statutory or other provisions of ambiguous or uncertain meaning. . . . It is only when a judge ignores or flies in the face of a positive and unambiguous statutory enactment that he may justly be accused of judicial legislating, in the bad sense." *Van Dorpel v. Haven-Busch Company*, 350 Mich. 135, 85 N.W.2d 97, 106 (1957).

## II.

■ Employer, as noted above, has contended that claimant's injuries to his legs and spine are within the purview of section 2326(e), and benefits should be granted thereunder, i. e., pursuant to § 2324. Therefore, it argues, an award for injury to the spine, pursuant to section 2326(g), which authorizes benefits only for losses which are not compensated under other provisions of § 2326, is improper. Likewise, employer asserts, any award for loss of use of claimant's legs should be pursuant to section 2326(e), rather than § 2326(a). Insofar as the Court has determined that the portion of subsection (e) in question confers no benefits, but merely constitutes a presumption of total disability, employer's position becomes untenable. An award for claimant's loss of use of his legs and loss of use of his back, pursuant to 19 Del.C. § 2326(a) and § 2326(g), respectively, was proper. See 19 Del.C. § 2326(c); *Wilmington Fibre Specialty Company v. Rynders*, Del.Super., 316 A.2d 229 (1974).

## III.

The Board awarded 150 weeks of benefits for each of the following disabilities:

Loss of bladder control, loss of bowel control, loss of sex function. This award was considered "proper and equitable" compensation for the loss of certain members or parts of the body, pursuant to § 2326(g).

■ An award under § 2326(g) "is intended to bear some proper relationship to the specific awards provided in other parts of the section [2326]." *Alloy Surfaces Co. v. Cicamore*, Del.Supr., 221 A.2d 480 (1966). Employer contends that the Board merely considered a full loss of the above functions to be worth 300 weeks and, by finding a 50% loss of each, automatically awarded 150 weeks without considering the relationship of these awards to other specific awards under § 2326. I agree. The Board should, in accordance with *Cicamore*, precisely demonstrate that its awards for loss of the bladder, bowel and sex functions bear a proper relationship to specific scheduled awards.

## IV.

The employer contends that the Board erred in granting simultaneous benefits under 19 Del.C. § 2326. Such a method of payment, according to the employer, is contrary to the generally accepted purpose of Workmen's Compensation Laws—to provide a wage substitute for workers who can no longer work—since claimant's benefits would, at least initially, far exceed his former weekly wages.

■ The Delaware Workmen's Compensation Statute differs in certain respects from those of many other States. See, *Ernest DiSabatino & Sons, Inc. v. Apostolico*, Del.Supr., 269 A.2d 552 (1970). A simultaneous award of benefits under § 2324 and § 2326 also will, in all likelihood, result in weekly benefits which exceed a claimant's former wages. Yet this is permitted. *Magness Construction Company v. Waller, supra*. In the absence of case law or a statutory provision suggesting the contrary, I see no reason why simultaneous payment of benefits for multiple injuries under §

2326 is not appropriate, particularly where, due to the gravity of the injuries, consecutive awards could stretch out for an extreme length of time, perhaps well beyond the claimant's remaining years.

■ The Court does not accept employer's premise that claimant should bear a burden of establishing that the Board's grant of simultaneous benefits is required by the statute. Such would be tantamount to erroneously inserting a nonexistent provision into the statute. See, *Dooley v. Rhodes,* Del.Super., 134 A.2d 260 (1957), aff'd Del.Supr., 135 A.2d 114.

## V.

■ Compensation under § 2326 for any particular loss is paid at the rate of two-thirds of a claimant's wages at the time of the accident provided that this does not exceed the statutory maximum. If two-thirds of his wage exceeds the maximum, then only the maximum will be paid. Effective September 1, 1970, the maximum benefits payable under § 2326 for any particular loss was increased from $50 per week to $75 per week. Claimant was earning $100.50 per week when the accident occurred. Therefore, the compensation available to claimant under the pre-amendment statute is $50 per week per injury, while it is $67 per week per injury under the amended statute. The statute governing compensation is the one in effect at the time the disability becomes permanent. *Peters v. Chrysler Corporation,* Del.Supr., 295 A.2d 702 (1972). Therefore, to the extent that claimant suffered permanent back disability prior to September 1, 1970, he will be compensated at the rate of the $50 per week. The remaining permanent disability, which became permanent after that date, is to be compensated at the rate of $67 per week.

■ The award indicates that the Board found a 30% permanent back disability existed prior to September 1, 1970. The employer asserts that claimant had a greater percentage of back disability as of that date. In resolving this dispute, the Court's function is to determine whether or not there was substantial competent evidence in the record to support the findings of the Board. *Johnson v. Chrysler Corporation,* Del.Supr., 213 A.2d 64 (1965); *Ware v. Sportsman's Cafe, Inc.,* Del.Super., 303 A.2d 675 (1972), aff'd Del.Supr., 311 A.2d 512 (1973).

There was minimal medical testimony on this issue at the hearing. Dr. Milian Felt, testifying on behalf of the employer, stated that claimant suffered a 70% permanent disability to the back on September 1, 1970. On cross-examination, however, he testified that the 70% figure was based on claimant's total condition, not solely on his back disability. Thus, Dr. Felt offered no precise estimate of claimant's back disability as of the aforementioned date.

■ It is the function of the Board, not a physician, to attribute a percentage to a claimant's disability. *General Motors Corp. v. McKenney,* Del.Super., 268 A.2d 878 (1969). However, where the Board's determination is not directly supported by medical testimony, the basis upon which the Board made its finding should be set forth. *Ellison v. City of Wilmington,* Del.Super., 301 A.2d 303, 305 (1972). There is no medical testimony on the record to support a determination of a 30% permanent disability to claimant's back as of September 1, 1970. The testimony of claimant himself did not assist the Board in arriving at this figure. The Board having failed to set forth the basis for its finding, and substantial evidence in support thereof being absent, a conclusion of 30% permanent back disability on the aforementioned date must be reversed.

For the reasons herein stated, this case is remanded to the Industrial Accident Board for further proceedings not inconsistent with this opinion.

IT IS SO ORDERED.