**Evalyn GREEN, Employee below, Appellant,**

v.

**E. I. duPONT de NEMOURS & CO., Employer below, Appellee.**

Superior Court of Delaware, New Castle.

Submitted Sept. 9, 1977.

Decided Oct. 18, 1977.

---

1. § 2324. Compensation for total disability. For injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66⅔% of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than 66⅔% of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, nor less than 22²/₉% of the average weekly wage per week. If at the time of the injury the employee receives wages of less than 22²/₉% of the average weekly wage per week, then he shall receive the full amount of such wages per week, as compensation. Nothing in this section shall require the payment of compensation after disability ceases.

William J. Alsentzer, Jr., of Bayard, Brill & Handelman, P.A., Wilmington, for employee below, appellant.

W. B. DeRiemer, Wilmington, for employer below, appellee.

O'HARA, Judge.

On May 7, 1974, Evalyn Green ("Green") sustained an injury in the course of her employment resulting in total disability. She was awarded compensation of $75 per week under 19 Del.C. § 2324. Section 2324 was amended, effective July 1, 1975, increasing the level of benefits payable for total disability.[1] Green petitioned the Industrial Accident Board ("Board") for a ruling that she was entitled to increased compensation under the amended statute. The Board denied Green's request on the grounds that the accident which caused her total disability occurred prior to July 1, 1975. Green filed this appeal.

Section 2324 of Title 19, as amended July 1, 1975, increases the maximum level of benefits "for injuries resulting in total disability occurring after July 1, 1975." The Board originally found that Green had suffered total disability over three specific periods: from May 7, 1974 to June 11, 1974; from November 8, 1974 to February 3, 1975; and from August 18, 1975 continuing to the present.

Green has made two arguments in support of her claim for increased benefits. She maintains that the amended § 2324 applies to all employees totally disabled after July 1, 1975 regardless of when the total disability first arose. Under Green's interpretation any person with an existing total

disability would be entitled to increased compensation. The amended statute, however, clearly refers to injuries resulting in total disability *occurring after July 1, 1975.* Existing periods of disability are not covered.

Green also maintains that she qualifies for increased benefits because she had a period of total disability which commenced after July 1, 1975. Green refers to the Board's finding that she suffered a period of total disability beginning on August 18, 1975 and continuing into the present. This conclusion is reached by reading the phrase "occurring after July 1, 1975" to modify the preceding words "total disability".

Green's employer contends that the phrase "occurring after July 1, 1975" modifies the preceding word "injuries". Since Green's injury predated July 1, 1975, she is not covered by the amended statute.

The language of the statute clearly favors Green's interpretation. Under an accepted rule of statutory construction, qualifying words and phrases refer solely to the last antecedent, unless a contrary intention appears. 2A Sutherland Statutory Construction, § 47.33 (4th ed. 1973). A contrary intention would have been indicated if the phrase "resulting in total disability" was set off by commas. It could have also been indicated by placing the phrase "occurring after July 1, 1975" immediately behind the word "injuries". However, neither was done.

Section 2324 has been amended four times since 1955. It was not until the passage of the most recent version that a date was inserted into the text of the statute. It is reasonable to infer that this change was not made haphazardly.

The act amending § 2324, 59 Del.Laws, Ch. 454, contains a separate section proving that the entire act shall become effective on July 1, 1975. Unless the date contained in § 2324 is redundant, it must have been placed there for a specific purpose. The purpose would appear to be to increase the benefits payable for periods of total disability occurring after July 1, 1975 regardless of the date of the injury which caused the disability.

A recent Superior Court decision supports the result reached here. In *Asplundh Tree Expert Co. v. Clark,* Del.Super., 369 A.2d 1084 (1975), aff'd Del.Supr., 372 A.2d 537 (1977), the Court was called upon to determine the coverage provided by 19 Del.C. § 2326. The claimant, Clark, had suffered a compensable back injury in 1966. He received total disability compensation from 1966 to 1971. In 1973, Clark suffered a recurrence of total disability and compensation was reinstituted. In March, 1973, Clark underwent surgery on his spinal cord resulting in partial paralysis. He then petitioned the Board for permanent disability benefits under 19 Del.C. § 2326.

Section 2326 had been amended effective September 1, 1970 increasing the maximum benefits payable thereunder from $50 to $75. Clark was entitled to $50 per week under the previous statute and $67 per week under the amended statute. It was held that:

> "The statute governing compensation is the one in effect at the time the disability becomes permanent. . . .. Therefore, to the extent that claimant suffered permanent back disability prior to September 1, 1970 he will be compensated at the rate of $50 per week. The remaining permanent disability, which became permanent after that date, is to be compensated at the rate of $67 per week."

Thus, Clark was compensated at the increased level even though he was injured and suffered a period of permanent disability prior to the effective date of the amended statute.

For the reasons stated herein, the ruling of the Board should be reversed and the record remanded to the Board with instructions that the employee, Green, receive compensation for her weeks of total disability since August 18, 1975, at the rate established in 19 Del.C. § 2324, as amended effective July 1, 1975.

IT IS SO ORDERED.