Steven GRAFFAGNINO, Appellee
below, Appellant,

v.

AMOCO CHEMICAL CO., Appellant
below, Appellee.

Clyde YATES, Appellee below, Appellant,

v.

ANCHOR MOTOR FREIGHT,
Appellant below, Appellee.

Louis RENO, Appellee below, Appellant,

v.

ANCHOR MOTOR FREIGHT,
Appellant below, Appellee.

Supreme Court of Delaware.

Submitted April 12, 1978.

Decided June 29, 1978.

Oliver Suddard, Wilmington, for appellants.

Robert Ralston, of Prickett, Ward, Burt & Sanders, Wilmington, for appellee Anchor Motor Freight.

George B. Heckler, Jr., Howard M. Berg, of Berg, Aber, Heckler & Wyatt, P. A., Wilmington, for appellee Amoco Chemical Co.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

This consolidated appeal presents the question of whether workmen's compensation benefits received pursuant to 19 *Del.C.* § 2324 are now to be periodically adjusted.

## I.

The undisputed basic facts of each case are identical: In each, the claimant suffered an industrial accident after July 1, 1975 but before June 1, 1976 and was awarded a weekly benefit of $125.47, pursuant to 19 *Del.C.* § 2324 which provides:

"For injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66⅔% of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than 66⅔% of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, nor less

than 22⅔% of the average weekly wage per week. If at the time of the injury the employee receives wages of less than 22⅔% of the average weekly wage per week, then he shall receive the full amount of such wages per week, as compensation. Nothing in this section shall require the payment of compensation after disability ceases."

The award granted was ⅔ of the then-prevailing 1974 average weekly wage rate of $188.20 as each claimant had earned well in excess of the average weekly wage.

When the Secretary of the Department of Labor announced in June 1976 that the new State average weekly wage for 1975 was $203.32, each claimant filed a motion with the Industrial Accident Board ("Board") to have his weekly benefit raised to $135.55, or ⅔ of the new average weekly wage. The claimants all contended that the Statute provided for periodic adjustment of the benefit whenever a new average weekly wage was announced. The Board adopted this interpretation and awarded them the increased benefits.

The employers appealed to the Superior Court. In *Amoco Chemical Co. v. Graffagnino,* the first of the three cases to be decided, the Superior Court reversed the Board's decision. The Superior Court found the Statute to be ambiguous and interpreted it in accordance with the pre-existing statutory scheme which did not provide for periodic adjustments, concluding that the present Statute likewise does not provide for periodic adjustments. Relying on this decision, the Superior Court reversed the award of the Board in the other two appeals. The claimants appeal; we affirm.

## II.

The claimants contend that the Superior Court erred in reversing the decision of the Board because the Statute clearly provides for periodic benefit adjustment as the average weekly wage changes. However, we find, as did the Superior Court, that the Statute is ambiguous. The portion of the Statute in question provides that:

" . . . but the compensation shall not be more than 66⅔% of the average

weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, . . . "

This language can arguably be read as requiring a yearly adjustment, as the claimants contend; or it can be read, as the employers contend, to require only that benefits be fixed on the basis of the last weekly wage determination prior to the injury, without provision for adjustment every year. In view of this inherent ambiguity, judicial interpretation is necessary.

It is a basic principle of construction that a statute is to be interpreted in accordance with an already-established statutory scheme unless there is a clearly expressed intention to alter the scheme. *Wilmington Housing Authority v. Greater St. John Baptist Church,* Del.Supr., 291 A.2d 282 (1972). Prior to its latest amendment in 1975, 19 *Del.C.* § 2324 provided:

"For injuries resulting in total disability, the compensation to be paid during the continuance of total disability shall be 66⅔ percent of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than $75 per week nor less than $25 per week. If at the time of injury the employee receives wages of less than $25 per week, then he shall receive the full amount of such wages per week as compensation. Nothing in this section shall require the payment of compensation after disability ceases."

Manifestly, and it is not contended otherwise by the claimants, the prior version of the Statute did not provide for periodic adjustments of benefits. Thus, construing the present Statute in accord with the already established statutory-scheme, we must conclude that the present Statute does not provide for periodic adjustment of compensation.

The claimants contend that variable factors are used in determining compensation under other provisions of the Workmen's Compensation Law, 19 *Del.C.* §§ 2325,

2326; * that, therefore, it is error to view the pre-existing scheme as requiring compensation determined as of the date of the accident under § 2324. While this Court has determined that for the purposes of §§ 2325 and 2326, compensation is not fixed at the time of injury, *Peters v. Chrysler Corp.,* Del.Supr., 295 A.2d 702 (1972), *Ruddy v. I. D. Griffith & Co.,* Del.Supr., 237 A.2d 700 (1968), our focus herein is not on those statutes but on § 2324. The provisions of §§ 2325 and 2326 are inapposite to the instant inquiry.

The claimants also contend that due to the completely different language employed in the latest amendment to § 2324, there is a clearly expressed intent to change the pre-existing statutory scheme. Comparing the pre- and post-1975 statutes, we fail to discern such intent. The Statute had been amended twice before the 1975 amendment; the first amendment raised the maximum benefit from $30 to $50 and the second from $50 to $75. The 1975 amendment merely altered the maximum benefit from $75 to ⅔ of the last average weekly wage figure, so as to obviate the need for frequent revisions of the maximum benefit included within the Statute to keep pace with inflation. As such, the language difference is not significant, having been that required by the purpose of the amendment. Further indication that the amended language is not to provide for periodic adjustments is the anomalous consequence of the claimants' interpretation. The language regarding compensation for those making less than the average weekly wage is identical in both the former and present Statute. Accordingly, under the claimants' interpretation, workers earning less than the average weekly wage would receive a fixed benefit regardless of inflation, whereas a worker formerly earning more than the average weekly wage would receive adjusted benefits. We find it unreasonable to conclude that the General Assembly intended such disparate treatment of those workers who become disabled.

We conclude that the present Statute does not provide for periodic adjustment; rather, like the prior Statute, it contemplates only a fixed benefit determined as of the date of injury. To hold otherwise would be to engage in impermissible judicial legislation. *Providence & Worcestor Co. v. Baker,* Del.Supr., 378 A.2d 121 (1977).

Affirmed.

---

* 19 *Del.C.* § 2325 provides in pertinent part:

"For injuries resulting in partial disability for work, except the particular cases mentioned in subsections (a)–(g) of § 2326 of this title, the compensation to be paid shall be 66⅔ percent of the difference between the wages received by the injured employee before the injury and the earning power of the employee thereafter, . . . ."

It was held in *Peters v. Chrysler Corp.,* Del. Supr., 295 A.2d 702 (1972), that when permanent disability compensation is determined under 19 *Del.C.* § 2326(g), the governing statute is the one in effect at the time the disability becomes permanent.