E. I. du PONT de NEMOURS & CO., Employer-Appellee Below, Appellant,

v.

Evalyn GREEN, Employee-Appellant Below, Appellee.

Evalyn GREEN, Employee-Appellant Below, Cross-Appellant,

v.

E. I. du PONT de NEMOURS & CO., Employer-Appellee Below, Cross-Appellee.

Supreme Court of Delaware.

Submitted May 25, 1979.

Decided Jan. 31, 1980.

James M. Tunnell, Wilmington (argued), Walter L. Pepperman, II, and Thomas John Allingham, II, of Morris, Nichols, Arsht & Tunnell, Wilmington, for employer-appellee, cross-appellee.

William J. Alsentzer, Jr., Wilmington (argued) of Bayard, Brill & Handelman, Wilmington, for employee-appellant, cross-appellant.

Before McNEILLY, QUILLEN and HORSEY, Justices.

HORSEY, Justice:

This workmen's compensation appeal concerns the construction of 19 *Del.C.* § 2324,[1] as amended effective July 1, 1975 by 59 *Del.Laws*, c. 454; and more specifically, whether the increased benefits provided thereunder for persons totally disabled in an industrial accident are limited to persons so disabled from injuries received after July 1, 1975 or were intended to benefit persons who, although injured (and totally disabled) before July 1, 1975, thereafter return to total disability status by reason of loss of employment not associated with any subsequent disabling injury.

E. I. du Pont de Nemours & Co. (du Pont) appeals Superior Court's construction of the amended statute and ruling that the amount of disability benefits payable to Evalyn Green (Green), a totally disabled employee, is determined as of her most recent date of return to total disability status rather than being fixed as of the date of her pre-July 1, 1975 injury from which such disability arose. We reverse and reinstate the decision of the Industrial Accident Board, for the reasons hereafter given.

I

Green had been injured in an industrial accident on May 7, 1974 and determined then to be totally disabled. However, she had returned to work; later been laid off; and later re-employed. After each layoff or loss of employment she had sought and received resumption of total disability benefits. The Industrial Accident Board (Board) found that Green had three periods of total disability for which she was entitled to benefits: her original period from May 7, 1974 to June 11, 1974; a second period from November 8, 1974 to February 3, 1975; and a third period from August 18, 1975 forward to the time of disposition of this case below. For each of these periods of disability Green was awarded compensation at the rate of $75.00 per week, the maximum allowed by 19 *Del.C.* § 2324 prior to the 1975 amendment.[2]

---

1. Prior to the 1975 amendment, § 2324 read in relevant part: "For injuries resulting in total disability, the compensation to be paid during the continuance of total disability shall be 66⅔% of the wages of the injured employee, as defined by this chapter, but the compensation shall not be more than $75 per week . . ."

   After the 1975 amendment, § 2324 read in relevant part: "For injuries resulting in total disability occurring after July 1, 1975, the compensation to be paid during the continuance of total disability shall be 66⅔% of the wages of the injured employee, as defined by this chapter but the compensation shall not be more than 66⅔% of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made; nor less than twenty-two and two-ninths percent (22²⁄₉%) of the average weekly wage per week. If at the time of the injury the employee receives wages of less than 22²⁄₉% of the average weekly wage per week, then he shall receive the full amount of such wages per week, as compensation.

   "Nothing in this section shall require the payment of compensation after disability ceases."

2. The amendment was enacted in July 1974 but did not become effective until July 1, 1975.

After being laid off involuntarily August 18, 1975 (and without suffering any further injury), Green petitioned the Board to increase her benefit award to the amount payable under § 2324 as amended by reason of her new disability period commencing August 18, 1975. The Board denied the petition, holding that Green's benefit rate was fixed as of the date of her original injury in 1974. The Board in effect ruled that the increased benefits of the 1975 legislation were limited to persons who after July 1, 1975 suffered an industrial injury rendering them totally disabled. The Board added that any increase in total disability benefits for claimants such as Green injured and determined to be totally disabled before July 1, 1975 required legislation further amending 19 *Del.C.* § 2334.[3]

Green appealed the Board's decision to the Superior Court which, as stated, reversed the Board. The Court construed § 2324 as authorizing increased benefits to a claimant whose total disability occurred after July 1, 1975 even though the injury from which the disability arose happened previous to that date. In the Superior Court's view, the critical time for fixing the benefit rate was when the disability occurred and not the date of the injury causing such disability. *Green v. E. I. du Pont de Nemours & Co.*, Del.Super., 379 A.2d 1150 (1977); see also *Johnson v. Chrysler Corporation*, Del.Super., 5424 C.A. 1976 (letter opinion dated May 2, 1978).

## II

Du Pont argues on appeal that the statute requires that time of injury determine benefits payable; and therefore Green is not entitled to be paid the increased rate of benefits solely by reason of her return to total disability with her loss of employment in August, 1975.

Green has cross-appealed from that part of the Superior Court's decision holding that the 1975 increase in maximum benefit rate does not apply to all persons previously disabled who after July 1, 1975 continue to be totally disabled but only extends to those persons having a later "occurrence" of total disability—i. e., a pre-July 1, 1975 total disability which is later interrupted by return to employment and then reinstated by loss of employment and return to total disability. Green construes the amended statute as providing the increased benefits to all persons who are totally disabled on or after July 1, 1975, that is, not only persons in Green's category but also persons presumably more seriously injured whose pre-July 1, 1975 total disability carries over without interruption by any return to employment.

## III

The main dispute between the parties centers on what word or words the statutory phrase "occurring after July 1, 1975" modifies. Green contends, and the Court below ruled, that under an accepted rule of statutory construction, that is, the "last an-

---

3. 19 *Del.C.* § 2334 as originally enacted in 58 *Del.Laws*, c. 96, as amended by 58 *Del.Laws*, c. 311, reads, in part, as follows:

"§ 2334. *Benefit adjustment.*

"Any person who is totally disabled on or after the date this section is enacted . . . shall be entitled to an additional amount of compensation as calculated under subsection (a) and (b) of this section, provided that the total amount to be received shall not exceed the maximum weekly benefit rate in Section 2324 effective on September 1, 1970, or the benefit derived from Section 2330 as of September 1, 1971.

"(a) In any case where a totally disabled person . . . is presently receiving the maximum weekly income benefit rate applicable at the time such award was made, the supplemental allowance shall be an amount which when added to such award would equal the maximum weekly benefit rate effective on September 1, 1970, or the benefit derived from Section 2330 as of September 1, 1971.

"(b) In any case where a totally disabled person . . . is presently receiving less than the maximum weekly income benefit rate applicable at the time such award was made, the supplemental allowance shall be an amount equal to the difference between the amount the claimant is presently receiving and a percentage of the maximum weekly benefit rate effective on September 1, 1970, or the benefit derived from Section 2330 as of September 1, 1971, determined by multiplying it by a fraction, the numerator of which is his present award and the denominator which is the maximum weekly rate applicable at the time such award was made."

tecedent" rule, the quoted statutory phrase modifies the words "total disability," which are the last antecedent to the quoted phrase. Du Pont counters that the "last antecedent" rule has no application to this case because the words "occurring after July 1, 1975" modify not the single word "disability" but the entire phrase "injuries resulting in total disability." Du Pont points to the legislative history[4] of § 2324 in support of its argument that the statute's purpose is to provide compensation for "injuries resulting in total disability" and not total disability without reference to injury. Thus, du Pont argues that since the phrase "injuries resulting in total disability" constituted the object, grammatically and conceptually, of the preposition, "For," the new language of the 1974 amendment "occurring after July 1, 1975" modifies the entire phrase, "injuries resulting in total disability."

Relying on the last antecedent rule; the placement of the phrase, "occurring after July 1, 1975" immediately after the words, "total disability," rather than after the word "injuries"; the lack of commas setting off the phrase, "resulting in total disability" and the 1975 amendment's insertion of an effective date (where none was included in previous amendments of the statute), the Superior Court found no evidence of an expressed intention that the statute should be construed as du Pont contended.

However, we think that the Court below has given undue weight to the "last antecedent" rule and to niceties of punctuation and sentence structure in reaching a result that appears to be not only at odds with the injury-oriented scheme of the Workmen's Compensation Act but which is inconsistent with the remaining language of § 2324, as amended in 1975.

*First*, the last antecedent rule is but one of numerous rules designed to assist in the discovery of intent and is not to be inflexibly or uniformly applied. And the rule has its limitations, as stated in 2A *Sutherland,*

*Statutes and Statutory Constructions*, § 47.-33 (4th Ed. 1973), "When the sense of the entire act requires that a qualifying word or phrase apply to several preceding or succeeding sections, the word or phrase will not be restricted to its immediate antecedent."

*Second*, the Court's construction of § 2324 appears to be inconsistent with the statutory scheme of the Workmen's Compensation Act which is predominately injury-oriented. Under the Act, as amended, date of injury is made the focal point for determining virtually all rights, duties and benefits, except permanent disability under § 2326 and death under § 2330. Date of injury determines such matters as—the minimum duration of incapacity for which compensation may be received—§ 2321; the determination of wages on which compensation is based—§ 2302; the statute of limitations for filing claims—§ 2361; and the computation of time within which notice of injury must be given an employer—§ 2341.

*Third*, and of perhaps greater significance, is the fact that application of the last antecedent rule leads not only to a result at odds with the injury-oriented scheme of the Workmen's Compensation Act but creates an internal inconsistency with the remaining language of § 2324 as amended. The second sentence thereof provides: "If at the time of injury the employee receives wages of less than 22⅔% of the average weekly wage per week, then he shall receive the full amount of such wages per week, as compensation." It thereby focuses solely upon time of injury, not disability, and its unambiguous language cannot be construed to include the time of occurrence or recurrence of the disability as a benchmark for measuring wages of such a "minimum" wage employee. The Superior Court's construction of the first sentence of § 2324 as amended thereby creates an illogical inconsistency since a "minimum" wage employee suffering a recurrence of disability after July 1, 1975 would not, by reason of disabili-

---

4. Section 2324 had been amended five times before 1975 without any change being made in the introductory clause, "For injuries resulting

in total disability, the compensation to be paid . . . .."

ty without injury, be entitled to the greater compensation benefit of § 2324 as amended whereas a higher wage employee would, by reason of disability alone, qualify for the greater benefits provided under the 1975 amendment.

*Fourth,* Delaware case precedent supports the "time of injury" construction of § 2324 found within the statutory scheme of our workmen's compensation statute. In *Graffagnino v. Amoco Chemical Co.,* Del., 389 A.2d 1302 (1978) a question of computation of the benefits payable under § 2324 as amended for injuries resulting in total disability was presented by other language within the statute which reads,

" . . . but the compensation shall not be more than 66⅔% of the average weekly wage per week as announced by the Secretary of the Department of Labor for the last calendar year for which a determination of the average weekly wage has been made, nor less than 22⅔% of the average weekly wage per week. . . ."

It was argued that the above-quoted language change in the 1975 amendment of § 2324 evidenced a clear legislative intent to change the focus of the statute as to calculation of benefits from time of injury to date of disability; that is, that the amended statute contemplated periodic benefit adjustments for disabled workers with each new average weekly wage announcement by the Department of Labor. Rejecting this contention, we found that § 2324 as amended "contemplates only a fixed benefit determined as of the date of injury" (389 A.2d at 1304). Further, we distinguished claims for total disability benefits under § 2324 from claims for permanent injury benefits under § 2326, stating that as to the latter, "compensation is not fixed at the time of injury, *Peters v. Chrysler Corp.,* Del., 295 A.2d 702 (1972), *Ruddy v. I. D. Griffith & Co.,* Del., 237 A.2d 700 (1968) . . ."; and that the provisions of § 2326 are "inapposite" to those of § 2324. Elabo-

rating on this distinction in *Peters v. Chrysler Corp., supra,* this Court stated, "In the usual case, the date as of which permanency becomes fixed can be proven only by expert medical testimony; that date could conceivably be the date of the injury, but usually it is some time thereafter . . . ." (295 A.2d at 704).

By reason of this distinction between § 2324 and § 2326 cases, the reliance by the Court below and claimant herein upon *Asplundh Tree Expert Company v. Clark,* Del. Super., 369 A.2d 1084 (1975), aff'd Del., 372 A.2d 537 (1977), is misplaced, inasmuch as *Asplundh* was a § 2326 case—claim for permanent disability. A further distinguishing fact in *Asplundh* is that the claimant suffered a subsequent devastating injury resulting in his disability being increased from permanent partial disability of his back to paraplegia. Thus, in that case the Court applied the statute in effect at the time of the claimant's most recent injury to determine the compensation payable to him. Conversely, in the case at bar claimant suffered no later additional injury, and her claim for reinstatement of total disability benefits can only be related to her original injury sustained before July 1, 1975.

*Fifth,* while the insertion of the July 1, 1975 date within the body of § 2324 as amended may not have been necessary to specify its effective date since the Act (which incorporated numerous other changes in the workmen's compensation statute) contained a separate enactment clause, the date's inclusion served to prevent retroactive application. That is, the statute's disability benefit increases could not be construed as extending to persons suffering injuries resulting in total disability before July 1, 1975.

*Lastly,* if the Legislature intended to provide retroactive compensation benefit increases to persons who were totally disabled on or after July 1, 1975, legislation such as § 2334, *supra,* was the vehicle for accomplishing such purpose.[5] However, the in-

5. Section 2334 had been enacted in 1971 following a ruling of the Superior Court in *Bush v. Diamond State Tanning Company,* C.A. No. 5279, 1970 (unreported opinion), holding that

§ 2324 could not then be given retroactive application to provide benefits for persons previously disabled.

creased total disability benefits payable under § 2324 as amended remain limited to persons suffering injuries after July 1, 1975 which result in total disability.

Thus, it is not reasonable to conclude that the 1975 restatement of § 2324 was for the purpose of providing retroactive benefit increases to persons rendered totally disabled before July 1, 1975 who thereafter suffered a recurrence of total disability. From such a construction of § 2324 it could be argued that there was no longer any provision in the workmen's compensation law for awarding prospective total disability benefits to workers injured after July 1, 1975. Such a construction would also exclude from retroactive increases workers injured before July 1, 1975 who never recovered sufficiently to return to work before there-

after suffering a recurrence or return to total disability. Therefore, if § 2324 as amended is to be construed as continuing to provide disability benefits for workers injured after July 1, 1975, the statute's focus must also be held to remain fixed upon disability associated with injury and its enhanced benefits limited to persons so injured after July 1, 1975.

\*　　\*　　\*　　\*　　\*　　\*

REVERSED as to appeal and AFFIRMED as to cross-appeal.