CHRYSLER CORPORATION, Defendant
Below, Appellant,

v.

Cecil L. JOHNSON and Domenico Sforza,
Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Submitted Sept. 17, 1979.

Decided March 5, 1980.

Susan C. Del Pesco and Carl Schnee of Schnee & Castle, P. A., Wilmington, for defendant below, appellant.

Julian D. Winslow, Wilmington, for plaintiffs below, appellees.

Before HERRMANN, C. J., QUILLEN and HORSEY, JJ.

PER CURIAM:

This workmen's compensation appeal concerns the increased total disability benefits payable under 19 *Del.C.* § 2324, as amended, effective July 1, 1975 by 59 *Del.Laws*, c. 454; and whether persons totally disabled from injuries in industrial accidents sustained before July 1, 1975 are entitled to the increased statutory benefits by reason of their having returned to total disability status after July 1, 1975 solely through loss of re-employment not associated with any further disabling injury.

Domenico Sforza, injured in 1971, had received total disability benefits at the rate in effect at the time of his injury until he returned to work in January 1976—whereupon his benefits ceased. After working less than two months, he returned to total disability status, without suffering any further injury. He thereupon sought the greater total disability benefits enacted effective July 1, 1975. Cecil L. Johnson's case is similar. Injured and determined to be totally disabled in July 1974, he remained so and a recipient of such benefits until February 1976 when he resumed work and his payments ceased. After working for less than a month, Johnson ceased work for undetermined reasons and without any further injury made claim for the greater disability benefits payable under § 2324 as amended.

Claimants contend that by virtue of their loss of employment after July 1, 1975 and nothing more (i. e., they acknowledge no new or aggravated injury), they thereby suffered a "recurrence" of total disability

for which they become entitled to the greater disability benefits payable under § 2324 as amended.

Employer, Chrysler Corporation, appeals Superior Court's construction of the amended statute and ruling that the amount of disability benefits payable to Sforza and Johnson is determined as of their most recent date of return to total disability status rather than being fixed as of the date of their pre-July 1, 1975 injuries from which such disability arose.

The employees cross-appeal from the Superior Court's refusal to rule on their further contention that the increased statutory benefits are also payable to all persons injured and totally disabled thereafter—i. e., persons who have never resumed employment and thereafter returned to total disability status.

The controlling facts in this appeal are the same as those which were before us in *E. I. du Pont de Nemours & Co. v. Green*, 411 A.2d 953 (1980) and the questions presented in both the appeal and the cross-appeal are identical to those raised in *Du Pont v. Green*.

 For the reasons stated in *Du Pont v. Green*, we hold that the claimants-appellees are not entitled to the increased statutory benefits payable under 19 *Del.C.* § 2324 as amended effective July 1, 1975 by reason of their return to total disability status after said date. *A fortiori*, claims by persons who remain continuously disabled after July 1, 1975 from previous injuries are likewise barred, as we also held in *Du Pont v. Green*. Hence, the cross-appeal must also fail.

Therefore, we reverse the decision of the Superior Court and reinstate the decision of the Industrial Accident Board.

REVERSED as to appeal; AFFIRMED as to cross-appeal.