# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LAWRENCE BENDISTIS,     )
                               )
       Claimant-Appellant,    )
                               )
         v.                )        C.A. No. N16A-09-003 ALR
                               )
DONALD F. DEAVEN, INC.,    )
                               )
       Employer-Appellee.    )

## ORDER

### *On Appeal from the Industrial Accident Board*
### AFFIRMED

Submitted: May 10, 2017
Decided: August 14, 2017

This is an appeal from the Industrial Accident Board ("Board"). Claimant-Appellant Lawrence Bendistis ("Claimant") was seriously injured in a 2012 accident while employed by Donald F. Deaven, Inc. ("Employer"), and received worker's compensation for those injuries. Thereafter, Claimant sought additional compensation seeking permanent impairment benefits while Employer sought to terminate Claimant's benefits on the grounds that Claimant was able to return to work. After two days of hearings, the Board issued a comprehensive decision on August 1, 2016 ("Board Decision"). Claimant's appeal is limited to the Board's denial of additional compensation for claimed permanent impairment to speech function. Upon consideration of the facts, arguments, and legal authority set forth

by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Claimant suffered catastrophic injuries after a traumatic fall from scaffolding while working as an ironworker for Employer on September 18, 2012 ("2012 Work Accident").

2. The parties previously agreed that Claimant was entitled to workers' compensation for the injuries he sustained in the 2012 Work Accident.

3. On September 28, 2015, Claimant filed Claimant's Petition to Determine Additional Compensation Due seeking permanent impairment benefits related to the 2012 Work Accident, including for an 8% loss of use to speech.

5. On October 1, 2015, Employer filed a Termination Petition seeking termination of Claimant's entitlement to total disability benefits. Employer alleged that Claimant was physically capable of returning to the workforce and also opposed the permanency ratings sought by Claimant, including a challenge to Claimant's loss of use for speech.

6. The parties stipulated for hearings by a Workers' Compensation Hearing Officer ("Hearing Officer") pursuant to 19 *Del. C.* § 2301(B)[1] which took place on March 29, 2016 and May 19, 2016.

---

[1] When a Hearing Officer presides over a workers' compensation case by stipulation, the Hearing Officer has the same adjudicatory authority as the Board.

7. By Decision dated August 1, 2016,[2] the Board granted Claimant's request for additional compensation except with respect to the claim for any voice/speech impairment. Rather than finding a separate loss of use on which to base a permanency award for voice/speech, the Board found that any speech deficiencies were the result of Claimant's brain injuries. The Board specifically relied on the fact that Claimant did not suffer any direct traumatic injury to his larynx, vocal cord or air passage in the 2012 Work Accident. With respect to Employer's Termination Petition, the Board terminated Claimant's total disability benefits as of the date of the Board Decision, and awarded ongoing partial disability payments.

8. Claimant's appeal is limited to the Board's denial of additional compensation for claimed permanent impairment to speech function.

9. The Court has statutorily conferred jurisdiction over appeals from administrative agencies, including appeals from the Board.[3] On appeal, the Court's role is limited to determining whether the Board's conclusions are supported by substantial evidence and free from legal error.[4] Substantial evidence is "such

Accordingly, the Hearing Officer's decision is subject to review on the same basis as a Board decision.

[2] *Bendistis v. Donald Deaven, Inc.*, No. 1389731, 51 (Del. I.A.B. August 1, 2016).

[3] 29 *Del. C.* § 10142(a).

[4] *Glanden v. Land Prep. Inc.*, 918 A.2d 1098, 1100 (Del. 2007); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[5] The Court reviews the Board's legal determinations *de novo*.[6] "Absent errors of law, however, the standard of appellate review of the IAB's decision is abuse of discretion."[7]

10. Claimant appeals from a factual determination. When factual conclusions are at issue on appeal from a Board decision, the Court must "take due account of the experience and specialized competence of the agency and of the purpose of the basic law under which the agency has acted."[8] The Court "does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[9] "[T]he sole function of the Superior Court, as is the function of [the Delaware Supreme Court] on appeal, is to determine whether or not there was substantial evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board."[10]

---

[5] *Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).

[6] *Roos Foods*, 152 A.3d at 118; *Munyan v. Daimler Chrysler Corp.*, 909 A.2d 133, 136 (Del. 2006).

[7] *Glanden*, 918 A.2d at 1101 (citing *Digiacomo v. Bd. Of Pub. Educ.*, 507 A.2d 542, 546 (Del. 1986)).

[8] 29 *Del. C.* § 10142(d).

[9] *Christiana Care Health Servs. v. Davis*, 127 A.2d 391, 394 (Del. 2015); *Johnson*, 213 A.2d at 66.

[10] *Johnson*, 213 A.2d at 66.

11. The Board found a 23% loss of use to the brain/central nervous system but did not find any separate loss of use for voice/speech impairment. In so ruling, the Board stated that it relied upon the overall opinion of one of Claimant's experts, Dr. Hopwood, as well as other record evidence including a neuropsychologist and Claimant's spouse. On the other hand, the Hearing Officer expressly rejected the Employer's expert's rationale on the issue of voice/speech function.

12. The Board's Decision is supported by substantial evidence and free from legal error. Specifically, the Board's conclusion that Claimant has a zero permanency rating for loss of use of speech due to Claimant's speech functional impairment being entirely subsumed into the brain/central nervous system impairment is supported by the record evidence.

13. The Board may elect to adopt the medical testimony of Dr. Hopwood over other experts presented by Claimant and Employer.[11] The Board did not "substitute its judgment to nullify objective findings that fully support Claimant's persistent claims."[12] Rather, the Board carefully weighed the medical opinions and arrived at a conclusion supported by the record evidence.

---

[11] *See Munyan*, 909 A.2d at 136; *see also Bacon v. Wilmington*, 2014 WL 1268649, at *2 (Del. Super. Jan. 31, 2014).
[12] *See Mermelstein v. Lewes Citizen's Senior Center, Inc.*, 2002 WL 31667520, at *3 (Del. Super. Oct. 29, 2002)

14. Furthermore, the Board did not commit reversible error by relying upon "institutional experience." It is the function of the Board, not a medical expert, to fix a percentage to a claimant's impairment, based on the evidence before it.[13] The Board's conclusion that any loss of use of speech suffered by Claimant is subsumed as sequelae from the traumatic brain injury with its corresponding 23% permanency rating award is supported by competent medical testimony and did not use the Hearing Officer's institutional experience or administrative expertise as a "source of creating evidence."[14]

15. The Delaware Supreme Court has made it abundantly clear that "[t]he function of reconciling inconsistent testimony or determining credibility is exclusively reserved for the Board."[15] "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or [the Delaware Supreme Court] for that matter, overturn it."[16]

22. This Court finds satisfactory proof that Claimant did not suffer any direct traumatic injury to the larynx, vocal cord or air passage from the 2012 Work Accident and satisfactory proof that any loss of speech function is the result of

---

[13] *Asplundh Tree Expert Co. v. Clark*, 369 A.2d 1084, 1089 (Del. Super. 1975), *aff'd* 372 A.2d 537 (Del. 1977).

[14] *See Turbitt v. Blue Hen Lines, Inc*., 711 A.2d 1215, 1216 (Del. 1998).

[15] *Simmons v. Del. State Hosp*., 660 A.2d 384, 388 (Del. 1995) (citing *Breeding v. Contractors–One–Inc*., 549 A.2d 1102, 1106 (Del. 1995)); *Martin v. State*, 2015 WL 1548877, at *3 (Del. Super. Mar. 27, 2015).

[16] *Streett v. State,* 669 A.2d 9, 11 (Del. 1995) (quoting *Johnson*, 213 A.2d at 67).

traumatic brain injury which has been compensated. Accordingly, the Board's Decision is supported by substantial evidence, free from legal error, and must be affirmed.

**NOW, THEREFORE, this 14ᵗʰ day of August, 2017, the August 1, 2016 Board Decision is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**