Bryan TURBITT, Claimant
Below, Appellant,

v.

BLUE HEN LINES, INC., Employer
Below, Appellee.

No. 18, 1998.

Supreme Court of Delaware.

Submitted: June 2, 1998.
Decided: July 6, 1998.

John J. Schmittinger and Walt F. Schmittinger (argued), Schmittinger and Rodriguez, P.A., Dover, for appellant.

R. Stokes Nolte, Nolte & Brodoway, P.A., Wilmington, for appellee.

Before VEASEY, C.J., WALSH, HOLLAND, and BERGER, JJ., and HORSEY, Justice, Retired * constituting the Court En Banc.

WALSH, Justice:

In this appeal from the Superior Court, we consider the authority of the Industrial Accident Board (the "Board") to base a determination of disability on its institutional experience. We conclude that the Board, when presented with uncontroverted expert medical opinion, may not use its administrative expertise as a basis for rejecting competent medical evidence. The Board's resulting disability determination, thus, lacked substantial evidentiary support and cannot be sustained.

* Sitting by designation pursuant to Supreme Court    Rule 2 and Del. Const. art. IV § 38.

I

Appellant/Claimant-below, Bryan Turbitt ("Turbitt"), appeals a Superior Court affirmance of a Board ruling that he be awarded 15% permanent partial disability for impairment of his lower back. On appeal, Turbitt argues that the Board's decision is not supported by substantial evidence.

Turbitt, a long-haul trucker employed by Appellee, Blue Hen Lines, Inc. ("Blue Hen Lines"), injured his lower back in a work accident in September 1995. Following surgery in April 1996, Turbitt was unable to continue his pre-injury duties as a truck driver. At the Board hearing, Dr. Larry Freedman, testifying through deposition on behalf of Turbitt, provided the only medical testimony concerning Turbitt's disability. He opined that Turbitt had a 34% permanent partial disability of the spine. Dr. Freedman arrived at his 34% conclusion based upon his own clinical experience, the Manual for Orthopedic Surgeons and the AMA Guide. Dr. Freedman acknowledged that the Manual is no longer being published. Dr. Freedman further acknowledged that he did not use either of the two models recommended in the AMA Guide for guidance in determining the permanent partial disability and that he used the third edition of the AMA Guide, rather than the fourth edition. Blue Hen Lines tendered no medical evidence in support of its position.

The Board, "relying primarily on its own experience in these matters," concluded that Turbitt had a lower back permanent partial impairment of 15%. The Board found Dr. Freedman's opinion not to be credible due to his reliance upon the outdated Manual and AMA Guide and due to his failure to use either of the models in the most recent fourth edition of the AMA Guide. The Board also relied on a previous case in which it awarded 23% permanent partial impairment to a claimant with a spinal injury that it considered more severe than that of Turbitt. On appeal, the Superior Court upheld the Board's determination, finding "no error in the Board's use of its precedent as a gauge for appropriate awards for particular categories of injuries...."

II

This Court, replicating the role of the Superior Court, reviews the Board's decision to determine whether its factual findings are supported by substantial evidence. *Histed v. E.I. du Pont de Nemours & Co.*, Del.Supr., 621 A.2d 340, 342 (1993). " 'Substantial evidence' means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Olney v. Cooch*, Del.Supr., 425 A.2d 610, 614 (1981)).

It is the duty of the Board, not a physician, to fix a percentage to a claimant's disability based on the evidence before it. *Asplundh Tree Expert Co. v. Clark*, Del.Super., 369 A.2d 1084, 1089 (1975), *aff'd*, Del. Supr., No. 274, 1975, McNeilly, J., 372 A.2d 537 (Jan. 12, 1977) (ORDER). *Accord Mangle v. Grotto Pizza, Inc.*, Del.Super., C.A. No. 96A–09–004, Graves, J., 1997 WL 358671 (May 13, 1997), *aff'd on the basis*, Del.Supr., No. 215, 1997, Walsh, J., 1997 WL 664688 (Oct. 22, 1997) (ORDER). The Board may set a permanency rating different from that established by a physician, provided that the Board articulates a factual basis for so doing. *Clark*, 369 A.2d at 1089. Although the Board is entitled to discount the testimony of a witness, even a medical witness, on the basis of credibility, it must provide specific, relevant reasons for doing so. *See Lemmon v. Northwood Constr.*, Del.Supr., 690 A.2d 912, 913–14 (1996). Here, the Board was not required to accept Dr. Freedman's evaluation of 34% disability at face value but was not free to select a different figure based simply on its general institutional experience.

This is not a case where the Board was presented with differing medical testimony and was free to reject, in full or in part, the testimony of one physician based on its experience in gauging the testimony of witnesses who give conflicting testimony. *Cf. Simmons v. Delaware State Hosp.*, Del.Supr., 660 A.2d 384, 388 (1995) (citing *General Motors Corp. v. Veasey*, Del.Supr., 371 A.2d 1074, 1076 (1977), *overruled on other grounds by Duvall v. Charles Connell Roofing*, Del. Supr., 564 A.2d 1132 (1989)). Nor is this a case where the expert medical opinion was based upon a claimant's recital of subjective

complaints, and the Board, finding the underlying facts to be different, was, therefore, free to reject the expert's conclusion. *Cf. Breeding v. Contractors–One–Inc.*, Del.Supr., 549 A.2d 1102, 1104 (1988). Dr. Freedman's opinion was the only medical evaluation properly before the Board, and the Board so acknowledged.

■ Administrative agencies operate less formally than courts of law. *Standard Distrib. Co. v. Nally*, Del.Supr., 630 A.2d 640, 647 (1993). But, it is improper for an administrative agency to base a decision on information outside of the record without notice to the parties. *Delaware Alcoholic Beverage Com'n v. Alfred I. du Pont Sch. Dist.*, Del. Supr., 385 A.2d 1123, 1127 (1978) (finding error in considering a report that was unknown to the parties without notice to the parties but finding such error harmless).

> Administrative tribunals exercising quasi-judicial powers that are required to make a determination after a hearing cannot act on their own information. Nothing may be treated as evidence which has not been introduced as such, inasmuch as a hearing requires that the party be apprised of the evidence against him in order that he may refute, test and explain it.

*LaPrade v. Department of Water and Power*, 27 Cal.2d 47, 162 P.2d 13, 16 (1945).

In workers' compensation cases, it is necessary that all findings and evidence be in the record. Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 80.23 (1997). The Board operates in a quasi-judicial capacity and is, therefore, bound to observe fundamental principles of justice, such as due process. *See General Chem. Div. Allied Chem. & Dye Corp. v. Fasano*, Del.Super., 94 A.2d 600 (1953). As a general rule, an award of compensation cannot be supported by facts ascertained by the Board, but not put in evidence so as to permit scrutiny and contest. *Id.*

■ Whatever "institutional experience" or administrative expertise the Board possesses may be used as a tool for evaluating evidence but not as a source for creating evidence. Nor may the Board compare the claim under consideration to other cases decided by it, without affording the parties notice and opportunity to dispute the applicability of such cases. *See*, Larson, *supra*, § 79.62. Unlike judicial bodies, which may rely upon, and take instruction from, previous rulings for legal standards, the Board should refrain from using cases from its own experience for factual comparison, unless invited by the parties to do so.

■ The Board rejected Dr. Freedman's evaluation on the basis that he used what it considered to be outdated guidelines but did not articulate the specific effect the use of such material had upon Dr. Freedman's evaluation. Rejection of evidence on the basis of credibility must be supported by specific references to the evidence of record that prompts disbelief. *Lemmon*, 690 A.2d at 913–14. General observations concerning outdated material will not suffice to provide an independent basis for fixing a different percentage of disability. In sum, we conclude that the Board's finding of a 15% disability, to the extent it is based on the Board's institutional experience and the partial rejection of Dr. Freedman's testimony on grounds of "credibility," is not supported by substantial evidence and must be reversed.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

REVERSED, and this matter is REMANDED to the Superior Court with direction for FURTHER REMAND to the Industrial Accident Board for additional proceedings consistent with this Opinion. *See* 19 *Del.C.* § 2350(b); 19 *Del.C.* § 2348(d).