# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TESLA INDUSTRIES, INC., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No.: N20A-09-003 CEB |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD and DAVID A. | ) | |
| FLORES, | ) | |
| | ) | |
| Appellees. | ) | |

## ORDER

Submitted: July 7, 2021
Decided: October 7, 2021

*Upon Consideration of Tesla Industries, Inc.'s Appeal from a Decision of the Unemployment Insurance Appeal Board,*
**AFFIRMED.**

Krista E. Shevlin, Esquire, WEBER GALLAGHER SIMPSON STAPELTON FIRES & NEWBY LLP, New Castle, Delaware. *Attorney for Appellant Tesla Industries, Inc.*

Victoria Groff, Esquire, DEPARTMENT OF JUSTICE, Wilmington, Delaware. *Attorney for Appellee Unemployment Insurance Appeal Board.*

David A. Flores, *No appearance.*

**BUTLER, R.J.**

Appellant Tesla Industries, Inc. ("Employer") seeks review of a decision by the Unemployment Insurance Appeal Board (the "Board")[1] that affirmed an appeals referee's finding that David A. Flores ("Claimant")[2] is eligible for unemployment benefits because Employer terminated Claimant without "just cause." The Court assumes the parties' familiarity with this case's underlying facts and procedural history and so only recounts the background relevant for affirming the Board's decision.

1.    Claimant thought Employer had wrongfully denied him a raise. He vented his concerns to David A. Massiluti, Jr., one of Employer's managers.

2.    An altercation ensued, but its details were disputed. The parties introduced conflicting stories, requiring the Board to determine which witness had the more credible account. On the facts described next, the Board picked Claimant.

3.    A witness for Employer, Robert Dixon, testified that Claimant approached Mr. Massiluti in an area Claimant was not permitted to access. According to Mr.

---

[1] Although named as an appellee, the Board has no cognizable interest in defending its judgment on appeal. *See Wilmington Tr. Co. v. Barron*, 470 A.2d 257, 261 (Del. 1983). Accordingly, the Board did not participate in merits briefing.

[2] Claimant, who proceeded *pro se* below, has not entered an appearance. As a result, Claimant did not timely file an answering brief. *But see* D.I. 5 (Br. Schedule), 10 (Final Delinquent Br. Notice). Nevertheless, the Court may resolve a case in which a necessary "paper" has not been filed by any means that expeditiously disposes the case. Del. Super. Ct. Civ. R. 107(f). Using that discretion, and because Employer has not requested otherwise, the Court deems Employer's appeal ripe for decision and issues this Order without the benefit of Claimant's opposition.

1

Dixon, Claimant expressed his frustration to Mr. Massiluti through screams and aggressive gestures. Mr. Dixon testified that Mr. Massiluti responded stoically, calmly advising Claimant to report his grievances to Employer's executives. Mr. Dixon did not remember Mr. Massiluti saying anything else.

4. Claimant, however, remembered things differently. Claimant testified that he routinely accessed the disputed area to retrieve equipment. Once inside, Claimant said he conveyed his dissatisfaction to Mr. Massiluti without hostility. To the contrary, in Claimant's version, Mr. Massiluti escalated matters by repeatedly threatening to arrange Claimant's termination. Those threats continued, according to Claimant, after Claimant had started to leave the scene.

5. Employer later terminated Claimant without a warning or other intermediate sanction. Claimant's termination letter did not explain a reason for the termination. At the hearing, Employer used its handbook to supply the reasoning. Applying the handbook to the incident, Employer argued Claimant was terminated for behavior that, in its view, amounted to "fighting"—a handbook term Employer equated with "sufficiently serious" misconduct that would justify terminating an employee without warning him beforehand. That characterization enabled Employer to contend Claimant's termination was based on "just cause" and so disqualified him from receiving unemployment benefits.[3]

---

[3] *See generally* 19 *Del. C.* § 3314(2) (2020).

6.      The Board disagreed.  In deciding against Employer, the Board framed its analysis in witness credibility and factual sufficiency.  Through those lenses, the Board accepted some of Mr. Dixon's testimony, but found Claimant's narrative more believable.  For example, the Board was not convinced that whatever happened was entirely Claimant's fault.  Instead, the Board found Mr. Massiluti instigated an "increasingly heated discussion" by threatening Claimant.[4]  Although the Board thought Claimant behaved "unprofessionally," it found Employer's evidence as a whole failed to raise a "verbal disagreement" to the level of "willful" or "wanton" misconduct—the gravity generally required to terminate an employee for just cause.[5] More specifically, the Board found Employer's evidence did not show that Claimant's conduct was "sufficiently serious" to warrant immediate termination in lieu of a warning.[6]  Having weighed the "sufficiency of [Employer's] evidence," the Board concluded Employer's presentation failed to "tip the balance" in favor of denying Claimant unemployment benefits.[7]

7.      This appeal followed.  Employer argues the Board's decision is not supported by the record and rests on a misunderstanding of the law of terminations and discharge.  For the reasons below, the Court affirms.

---

[4] Admin. R. at 13 (Bd. Op.).
[5] *Id.* at 12–13.
[6] *Id.* at 13.
[7] *Id.*

8.  This Court has jurisdiction to hear appeals from the Board's decisions.[8] Appellate review of an administrative decision is not an opportunity for an unsuccessful party to relitigate factual issues presented to, and decided by, the agency.[9]  That is because "[i]t is within the exclusive purview of the [agency] to judge witness credibility and resolve conflicts in testimony."[10]  Accordingly, the Court will not entertain line-by-line rebuttals of the evidentiary weight the Board assigned the facts adduced below.[11]

9.  Absent legal error, the Court defers to the Board's factual findings and its application of the law to the facts where supported by substantial evidence.[12]  The substantial evidence standard sets a low bar.[13]  An agency decision is supported by substantial evidence if it is based on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14]  Unless the Board's decision is

---

[8] 19 *Del. C.* § 3344(c)–(d).

[9] *See Del. Bd. of Med. Licensure & Discipline v. Grossinger*, 224 A.3d 939, 959 (Del. 2020) ("On appeal, this Court will not weigh the evidence, determine questions of credibility, or make its own factual findings." (internal quotation marks omitted)).

[10] *Thompson v. Christiana Health Care Sys.*, 25 A.3d 778, 782 (Del. 2011).

[11] *See, e.g.*, *Kochis v. Connections CSP*, 2021 WL 1712436, at *1 (Del. Super. Ct. Apr. 30, 2021) (rejecting argument that comprised a "detailed, granular rehash of the witness'[s] testimony" before the agency).

[12] *E.g.*, *Grossinger*, 224 A.3d at 951, 955 & n.119 (observing that substantial evidence review attaches to factual questions and mixed questions of law and fact).

[13] *See, e.g.*, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("[W]hatever the meaning of 'substantial' in other contexts, the threshold . . . is not high.").

[14] *Grossinger*, 224 A.3d at 959 (internal quotation marks omitted); *see also Boggerty v. Stewart*, 14 A.3d 542, 550 (Del. 2011) (defining substantial evidence as "adequate" evidentiary support).

4

irrational or legally erroneous, or the Board mischaracterizes or ignores the record, the Court will defer to the Board's judgment.[15]  And in evaluating the record, the Court accords the prevailing party the benefit of all favorable inferences therefrom.[16]

10.    The employer bears the burden of demonstrating by a preponderance of the evidence that a termination was based on just cause.[17]  Under Delaware law, an employee may be terminated for just cause if an employee commits a willful or wanton act or pattern of wrongdoing that contravenes the employer's expectations or values or the employee's duties.[18]  Generally, an employee cannot be terminated for just cause unless the employee first receives a warning.[19]  No warning is required, however, when the employee's conduct is "sufficiently serious."[20]  Whether conduct is so "extraordinary" as to be sufficiently serious is a factual question for the Board.[21]

---

[15] *See Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1221–24 (Del. 2015); *see also* 29 *Del. C.* § 10142(d) (2020) ("The Court . . . shall take due account of the experience and specialized competence of the agency . . . . The Court, in the absence of actual fraud, shall be limited to a determination of whether the agency's decision was supported by substantial evidence on the record before the agency.").

[16] *Pernic*, 121 A.3d at 1221.

[17] *Id.* at 1222.

[18] *Id.*

[19] *Cf. Moeller v. Wilmington Sav. Fund Soc'y*, 723 A.2d 1177, 1179 (Del. 1999) ("If an employer consistently tolerates willful or wanton misconduct, however, the employer may be justified in firing employees without first warning them . . . .").

[20] *Kids & Teens Pediatrics of Dover v. O'Brien*, 2020 WL 6386646, at *2, *4 (Del. Oct. 30, 2020).

[21] *Id.* at *2.

The Board's application of settled law to the facts is entitled to deference if supported by substantial evidence.[22]

11. Substantial evidence supports the Board's decision. Contrary to Employer's contentions, the Board considered all of Employer's testimonial, documentary, and photographic evidence, and simply found Claimant had the better case. In doing so, the Board reviewed the entire record, including the underlying referee decision and exhibits, and collected and parsed the witnesses' accounts. Indeed, Employer does not argue the Board overlooked or mischaracterized the evidence. Nor could it. The Board credited the testimony and exhibits it found believable, explained why it discredited those it did not, and resolved internal conflicts in the evidence in finding Employer failed to prove "sufficiently serious" misconduct warranting a termination without warning.[23] Because the record supplies "satisfactory proof" for the Board's conclusion, it must be upheld.[24]

12. Employer's fact-intensive arguments do not support reversal. Shorn of passing references to "legal errors," Employer merely reargues the evidence the

---

[22] *See Grossinger*, 224 A.3d at 951, 955 & n.119.

[23] *See Turbitt v. Blue Hen Lines, Inc.*, 711 A.2d 1214, 1215 (Del. 1998) ("[W]here the Board [is] presented with different . . . testimony, [it is] free to reject, in full or in part, the testimony of one [witness] based on its experience of gauging the testimony of witnesses who give conflicting testimony."); *Evans v. Tansley*, 1988 WL 32033, at *3 (Del. Mar. 29, 1988) ("The credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the [Board] to determine.").

[24] *Evans*, 1988 WL 32033, at *3.

Board deemed deficient and ultimately rejected. Worse, Employer tries to quibble with the Board's factual findings and credibility determinations. As explained, however, a party cannot retry through an administrative appeal the case it lost below.[25] Instead, to prevail, an appellant must, at a minimum, identify findings that do not qualify as substantial evidence, or gaps or misstatements that undermine the validity of the Board's decision. Employer does not do so and none exists.

13. The Board did not commit legal error either. The Board correctly observed the settled principles of termination law before applying them to Employer's evidence. The Board's application of law to evidence is a fact-laden process the results of which are given deference if supported by substantial evidence.[26] The question, then, is not whether the Board misconstrued the law. Instead, the question is whether substantial evidence supports the Board's finding that Employer failed to adduce *facts* sufficient to prove by a preponderance of the evidence that Claimant acted sufficiently seriously that no pre-termination warning was necessary. For the reasons explained already, substantial evidence supports that finding. So, even if it is true, as Employer says, that "an unprovoked outburst and yelling and using

---

[25] *See, e.g.*, *Playtex Prods., Inc. v. Leonard*, 2002 WL 31814637, at *3 (Del. Super. Ct. Nov. 14, 2002) ("The Court does not stand as the trier of fact and will not weigh witness credibility, therefore it cannot substitute its own opinion for that of the Board's if there is sufficient evidence to support the Board's decision . . . ." (citations omitted)), *aff'd*, 2003 WL 21107145 (Del. May 12, 2003).

[26] *See Grossinger*, 224 A.3d at 955 & n.119.

profanity in the workplace in a [*sic*] one instance is enough to establish just cause,"[27] the Board rationally concluded Employer failed to prove by a preponderance Claimant's conduct, in fact, was as Employer describes.[28] The Court must defer to that decision.[29]

14.     As a last resort, Employer insists the Board erred by assessing the evidence under Employer's handbook, rather than the just-cause standard. But Employer misapprehends the Board's reasoning. Since it did not prove Claimant had been warned before he was terminated, Employer's just-cause theory depended on whether Claimant's conduct was sufficiently serious to make a warning unnecessary. So the Board searched for indicia of sufficient seriousness. It did not find any: "Employer did not present sufficient evidence to convince the [Board] that Claimant's conduct rose to the level where he could be terminated for just cause

---

[27] D.I. 6 at 10 (Emp.'s Opening Br.).

[28] Admin. R. at 13 (Bd. Op.) ("[Employer] is correct that Delaware law allows for termination without warning in cases of 'sufficiently serious' misconduct. *In this case, however*, . . . the Board concludes that Employer did not present sufficient evidence . . . that Claimant's conduct rose to [that] level . . . ." (emphasis added) (citation omitted)).

[29] *E.g.*, *Olney v. Cooch*, 425 A.2d 610, 613 (Del. 1981) ("[A] court will not substitute its judgment for that of an administrative body where there is substantial evidence to support the decision and subordinate findings of the agency."); *Mancus v. Merit Emp. Rels. Bd.*, 2019 WL 480040, at *4 (Del. Super. Ct. Feb. 1, 2019) ("If the Board's decision is free from legal error and supported by substantial evidence, this Court must sustain the Board's decision even if this Court would have decided the case differently if it had come before it in the first instance.").

8

without warning."[30]   Only after that did the Board, in a footnote, also observe Employer deviated from its handbook-expressed policy of suspending an employee before terminating him.[31]  Although the Board's footnote might have added insult to injury, Employer opened the door to the handbook and so it was not irrational or an abuse of discretion for the Board to use it as further support its findings.[32]  In any event, the footnote goes to proof of warning and so was not essential to the Board's principal finding, *i.e.*, warning aside, Employer did not prove Claimant engaged in sufficiently serious misconduct to justify termination.

Substantial evidence supports the Board's decision.  Employer needed to show otherwise.[33]  It did not.  Accordingly, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge

---

[30] Admin. R. at 13 (Bd. Op.).

[31] *Id.* at 13 n.19.

[32] *See Tatman v. Daisy Constr.*, 2008 WL 1891388, at *5–6 (Del. Super. Ct. Apr. 25, 2008) (rejecting argument on board's use of record evidence where, among other things, appellant "raised the . . . matters that he is now complaining about").

[33] *See, e.g.*, *Mancus*, 2019 WL 480040, at *4 ("The burden of persuasion is on the party seeking to overturn a decision of the Board to show that the decision was arbitrary and unreasonable." (internal quotation marks omitted)).