**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ROBERT LANKFORD, )
         Appellant )
         )
    v. )    C.A. No.: N24A-12-001 SSA
         )
KENT COUNTY, )
         Appellee )

Submitted: October 8, 2025
Decided: October 16, 2025

## <u>MEMORANDUM OPINION AND ORDER</u>

### <u>*Upon Appeal from the Industrial Accident Board: Reversed and Remanded.*</u>

Michael I. Silverman, Silverman McDonald & Friedman, Wilmington, Delaware
Attorney for Appellant, Robert Lankford.

Andrew J. Carmine, Elzufon Austin & Mondell, Wilmington, Delaware
Attorney for Appellee, Kent County.

Robert Lankford (hereinafter "Appellant" or "Claimant") appeals the decision of the Industrial Accident Board (hereinafter "Board") which denied his Petition to Determine Additional Compensation Due. The parties submitted briefing and presented oral argument on the issue. After careful review of the record and legal standards, the Court must reverse the decision of the Board.

***Factual and Procedural History***

Appellant has a long history before the Board. Appellant worked for Appellee for 21 years. In 2010, he was injured while conducting an emergency inspection within the course of his employment. To conduct this inspection, he lifted a manhole cover. When Appellant lifted the cover, he heard a pop. He was unable to stand up. Appellant was misdiagnosed after his injury. Three years later, he underwent surgery. During which time "[t]he surgeon accidentally cut five nerves and stapled a nerve to the hernia."[1] It appears undisputed that Appellant lives in substantial pain.[2]

In 2022, Appellee petitioned the Board to review Appellant's total disability. The 2022 decision of the Board has been reviewed by this Court, with a view toward understanding the record as to recurrence, which requires a return of

---

[1] D.I. 23 at p. 10.
[22] See report of Dr. Schwartz, Appellee's medical expert, dated January 23, 2024 ("He is crying during today's evaluation….Mr. Lankford is ambulating with the use of a walker. He continues to have an extremely tough time getting up and down from a seated position.").

impairment.  It does not appear that any psychologist or psychiatrist testified at that time.  In that decision, the Board found "work is therapeutic as it decreases stress, catastrophic thinking and anxiety and it increases coping strategies."[3]  The 2022 decision went on to state "[t]here are many studies showing that work is so important for mental and physical health."[4]  "The Board accepts Dr. Schwartz's opinion and explanation that work is therapeutic, because it decreases stress, catastrophic thinking, and anxiety, and it increases coping strategies."[5]  Dr. Schwartz is an orthopedic surgeon, who testified on behalf of Appellee.  Appellant appeared *pro se* at that time.  The Board reduced Appellants' benefits in 2022. That decision is not the subject of this appeal, but provides helpful background.

On April 19, 2023, Appellant filed two Petitions to Determine Additional Compensation Due.  The first was filed pursuant to 19 Del. C. § 2347 for a recurrence of total disability.  The second related to the causal relationship between the industrial accident and symptoms in Appellant's left hip and lumbar spine.  The Board held a hearing in July of 2024.  At that time, the Board was unable to reach a decision.

A second hearing took place on October 24, 2024.  The parties stipulated "a portion of the Claimant's psychological issues are causally related to the work

---

[3] *Id.* at p. 6.
[4] *Id.* at p. 10.
[5] *Id.* at p. 13.

accident, but not the entirety of his psychological issues." Appellant presented testimony from Dr. Dettwyler regarding psychological injuries. Appellant also presented testimony from Dr. Newell, who specializes in physical medicine and rehabilitation and Dr. Zaslavsky, an orthopedic surgeon. Appellee again presented testimony from Dr. Schwartz, the same orthopedic surgeon who testified in 2022.

After the October hearing, the Board issued a written decision. The Board denied both of Appellant's Petitions. This appeal followed. The scope of the appeal is whether the decision to deny Appellant's Petition to Determine Additional Compensation Due based on a recurrence, specific to psychological injury, was based upon substantial evidence.

### *Standard of Review on Appeal from the Industrial Accident Board*

"[T]he sole function of the Superior Court….is to determine whether or not there was substantial competent evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board."[6] "Only where there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or this Court for that matter, overturn it."[7] "If there is substantial supporting evidence for the Board's decision and no mistake in law, the decision

---

[6] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[7] *Id.* at 67.

will be affirmed."[8]  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[9]

On appeal, "this Court will not weigh the evidence, determine questions or credibility, or make its own factual findings."[10]  However, where the Board fails to make adequate subordinate findings to support its ultimate conclusion, the Court will reverse.[11]  This Court will only find an abuse of discretion sufficient to reverse the Board if the decision "has 'exceeded the bounds of reason in view of the circumstances.'"[12]  Where there is a "conflict in the evidence, it [is] the duty of the Board to determine whose testimony it deemed most worthy of credit, and to state its conclusions of fact accordingly."[13]

This case involves the compensability of a psychological disorder under the Workers' Compensation Act, so the Court will review the relevant caselaw before proceeding to an analysis.  "This Court has previously recognized the compensability of psychological and neurological disorders when they are the result of an industrial accident."[14]  In a review by this Court of a Board decision

[8] *Turner v. Bennett's Action Glass,* 1998 WL 733763 at *2 (Del. Super.) *citing Longobardi v. Unemployment Ins. Appeal Bd.,* 287 A.2d 690, 692 (1971).
[9] *This and That Services Co. Inc. v. Nieves*, 303 A.3d 1220, 1226 (Del. 2023) *quoting Christiana Care Health Servs. v. Davis*, 127 A.3d 391, 394 (Del. 2015).
[10] *Person-Gaines v. Pepco Holdings, Inc.,* 981 A.2d 1159 (Del. 2009).
[11] *Board of Pub. Ed. in Wilmington v. Rimlinger,* 232 A.2d 98, 100 (Del. 1967).
[12] *Person-Gaines*, 981 A.2d at 1161 *citing Stanley v. Kraft Foods, Inc.*, 2008 WL 2410212, at *2 (Del. Super.).
[13] *Le Tourneau v. Consol. Fisheries Co.*, 51 A.2d 862, 867 (Del. 1947).
[14] *Delaware v. Cephas,* 637 A.2d 20, 23 (Del. 1994).

related to psychological disorder, this Court found "[w]hen presented with competing expert testimony, the IAB, as the finder of fact, must make a credibility assessment to determine which expert's opinion to believe."[15] Similarly, in *Standard Distributing*, this Court held "[w]hen conflicting expert opinions are each supported by substantial evidence, the Board is free to accept one opinion over the other opinion."[16] "Although the Board is entitled to discount the testimony of a witness, even a medical witness, on the basis of credibility, it must provide specific, relevant reasons for doing so."[17] If an expert medical opinion is based entirely upon the claimant's subjective report of injuries, the Board may reject that conclusion, if it finds the underlying facts to be different.[18]

This case involves an analysis of recurrence, which is defined as "the return of an impairment without the intervention of a new or independent accident."[19] "Work restrictions that continue to impair an individual in the same manner do not support a finding that the individual had a recurrence of total disability…Furthermore, a slight change in impairment will not support a finding of recurrence in total disability. Because a slight change in impairment does not

[15] *Muziol v. DaimlerChrysler Corp.*, 2002 WL 819139, at *5 (Del. Super.).
[16] *Standard Distrib., Inc., v. Hall,* 897 A.2d 155, 158 (Del. Super. 2006).
[17] *Turbitt v. Blue Hen Lines, Inc.*, 711 A.2d 1214, 1215 (Del. 1998).
[18] *Id.* at 1215–16.
[19] *DiSabatino & Sons v. Facciolo*, 306 A.2d 716, 719 (Del. 1973).

support a finding of recurrence, neither does a continuation of impairment."[20]   The

burden of demonstrating recurrence is with Appellant.

***Testimony and Arguments Before the Board in 2024***

Appellant presented testimony from Dr. John Dettwyler, Ph.D.  Dr.

Dettwyler began treatment of Appellant in October of 2016.  At some point, he

diagnosed Appellant with adjustment disorder with mixed anxious and depressed

features.[21]  Dr. Dettwyler testified "I have spoken with him numerous times in the

last two years about hospitalization."[22]  On March 7, 2022, Dr. Dettwyler opined

Appellant was totally disabled.[23]  Shortly thereafter, the Board made a

determination that Appellant could return to work on a part-time, at-home basis.

However, the 2022 decision of the Board does not reference Dr. Dettwyler at all.

He opined in his 2024 testimony that Appellant's "condition has gotten worse and

has deteriorated over time."[24]  Appellee did not present testimony from a

psychologist—and did not need to do so under the law.

Testimony from Dr. Schwartz, on behalf of Appellee, was also presented to

the Board.  Dr. Schwartz testified on August 7, 2023, and again on June 13, 2024.

During his 2023 deposition, Dr. Schwartz testified as to his various evaluations of

---

[20] *Chubb v. State,* 961 A.2d 530, 535–36 (Del. 2008).
[21] Tr. Dettwyler, IAB Hearing No. 1404967, at 6:3–6.
[22] *Id*. at 9:1–2.
[23] *Id.* at 20:4–22.
[24] *Id.* at 28:16–19.

Appellant over the years.  In 2021, Appellant reported severe back pain, groin pain, and lower extremity pain.  He rated his pain as a 10 out of 10.[25]  In 2021, Appellant was using crutches.[26]

Appellant objected to Dr. Schwartz relating an opinion as to the mental health benefits of work by a patient in chronic pain.[27]  That opinion specifically referenced a study on work and loneliness to support to proposition that "work is a task that will distract someone who's dealing with chronic pain?"[28]  Dr. Schwartz is an orthopedic surgeon and the stipulation as to his qualifications was limited to that area of expertise.[29]

### *The Board's Decision*

In summarizing the evidence presented, the Board summarized Dr. Dettwyler's opinion as "[c]laimant's inability to work contributes to his depression, stress, and anxiety and Claimant's condition has gotten worse and deteriorated over time."[30]  The Board summarized Dr. Newell's testimony.  Specifically, his opinion that "Claimant's condition had become progressively worse over the course of the last couple of years."[31]

---

[25] Tr. Schwartz, IAB Hearing No. 1404967, at 6–7.
[26] *Id*. at 8:6–7.
[27] *Id.* at 12–13.
[28] Id.
[29] *Id*. at 5:8–12.  This stipulation as to his qualification as an expert in orthopedic surgery is consistent in his subsequent deposition on June 13, 2024 at p. 4-5.
[30] *Lankford v. Kent Cnty.*, IAB Hearing No. 1404967 (Nov. 8, 2024), at 3.
[31] *Id.* at 4.

The Board stated in its summary of Dr. Schwartz' opinion "[a]s work is considered to be therapeutic, Dr. Schwartz felt Claimant would be capable of a minimum of four hours a day at home in a sedentary position as a starting point."[32] "Dr. Schwartz did not see any psychological disorders or problems when he examined Claimant."[33] In reaching its decision to deny both petitions, the Board made findings separately on the issue of recurrence and the compensability of the left hip and low back.

*Analysis*

"The Board may, in its discretion, disregard any customary rules of evidence and legal procedures so long as such a disregard does not amount to an abuse of its discretion."[34] In order to assess whether the Board abused its discretion, the Supreme Court has explained this Court should examine whether that decision "exceeded the bounds of reason in view of the circumstances, [or] so ignored recognized rules of law or practice as to produce injustice.'"[35]

In *Zayas,* the Supreme Court reiterated that Delaware law "'requires an expert's opinion be based upon a proper factual foundation and sound methodology to be admissible.' Pursuant to that rule, any expert who testifies must satisfy

---

[32] *Id*. at 10.
[33] *Id*. at 11.
[34] *Zayas v. Delaware*, 273 A.3d 776, 785 (Del. 2022) *quoting* 19 Del. Admin. C. § 1331-14.3.
[35] *Id. quoting Roos Foods v. Guardado*, 152 A.3d 114, 118 (Del. 2016).

Delaware Rule of Evidence 702 for his or her testimony to be admissible as evidence. If an expert's opinion lacks a factual foundation, then the opinion is not valid."[36]

The 2022 decision did not reference any psychological disorders. The decision includes generic platitudes about the benefits of work. Again, that decision is not the subject of this appeal, but it assists the Court in establishing a history for determining whether the decision to deny Appellant's Petition for Additional Compensation Due to recurrence resulting from psychological disorders is supported by substantial evidence.

After a careful review, this Court cannot reconcile the Board's conclusion in this matter or find that it is supported by substantial evidence. Specifically, the Board relied on testimony from Dr. Schwartz regarding Appellant's psychological disorders, specifically, "Dr. Schwartz did not see any psychological disorders or problems when he examined Claimant."[37] This is outside the scope of his expertise. While the Board was free to disregard the expert testimony of Appellant's psychologist, the decision does not clearly reject Dr. Dettwyler's opinion. Instead, the decision misstates the testimony of Dr. Dettwyler—specifically, the Board concluded Dr. Dettwyler "did not indicate there was any

---

[36] *Id. quoting Perry v. Berkely,* 996 A.2d 1262 (Del. 2010).
[37] *Lankford v. Kent Cnty.*, IAB Hearing No. 1404967 (Nov. 8, 2024), at 11.

change in Claimant's condition."[38]  That was not his testimony.[39]  Instead, he testified he diagnosed Appellant with psychological disorders.  Over the past two years, Dr. Dettwyler has considered hospitalization of Appellant.  Dr. Dettwyler opined Appellant "has gotten worse and has deteriorated."  The Board also summarized Dr. Dettwyler's testimony as "Claimant's inability to work contributes to his depression, stress, and anxiety and Claimant's condition has gotten worse and deteriorated over time."  However, the testimony shows Dr. Dettwyler does not attribute the depression, stress, and anxiety to Appellant's inability to work—he relates it to Appellant's pain.[40]

Appellee did not present a psychologist, and they did not need to present an expert on that issue—because the Board is free to accept or reject testimony. However, to the extent any expert testified on behalf of Appellee about the psychological diagnosis and recurrence, it was Dr. Schwartz.  That was outside the scope of his expertise.  The Court finds the Board's reliance on Dr. Schwartz' testimony for matters of psychological disorders inappropriate.  Further, the

---

[38] *Id*. at 14.

[39] At oral argument, counsel discussed the theory that Dr. Dettwyler did not complete a change form, and on that basis, the Board rejected his testimony as to recurrence.  The Court appreciates counsel's argument, but the Board's decision does not reference the form as a basis for its decision.  The Board is entitled to discount testimony, but it must provide specific and relevant reasons for its decision.

[40] Tr. Dettwyler, IAB Hearing No. 1404967, at 6:3–14. "I diagnosed him with adjustment disorder with mixed anxious and depressed features secondary to his injuries sustained on 6/2/10…. He demonstrated significant symptoms of anxiety and depression as a product of his persistent pain and inability to find any direction for improvement."

Board's findings as to Dr. Dettwyler are not supported by his testimony. As such, the decision is not based on substantial evidence.

The record reflects a stipulation that some of Appellant's psychological illnesses are a result of his compensable work injury. The Court returns to the definition of recurrence as the return of an impairment without the intervention of a new or independent accident and notes the absence of any finding in 2022 related to psychological disorders. Delaware law recognizes the compensability of psychological disorders when they are the result of an industrial accident.

The Board's reliance upon an orthopedic surgeon to opine as to psychological disorders and the therapeutic benefits of work in pain management lacked the proper foundation. The Board also misstated the testimony of Dr. Dettwyler. As such, the Board erred in its application of the law and its factual findings. This matter shall be reversed and remanded so the Board can consider whether Appellant has experienced a recurrence based on his psychological disorder.

**IT IS SO ORDERED**.

<u>**/s/Sonia Augusthy**</u>
Judge Sonia Augusthy